**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL BUILDING
& U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

**LETTER OPINION & ORDER**

July 29, 2019

**VIA CM/ECF**
All counsel of record

Re: *Carl Ulrich v. Radius Global Solutions, LLC* – No. 18-15797

Dear Counsel:

This matter comes before the Court upon Defendant Radius Global Solutions LLC's ("Defendant") Motion to Dismiss. (ECF No. 5.) Plaintiff Carl Ulrich ("Plaintiff") opposed (ECF No. 10), and Defendant replied (ECF No. 11). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion to Dismiss is granted.

**I.     BACKGROUND**[1]

Plaintiff incurred a "debt," as defined in the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692, *et seq.* (Compl. ¶¶ 6, 8.) On October 8, 2018, Defendant sent Plaintiff correspondence regarding the debt (the "October 8 Correspondence"). (*Id.* ¶ 12.) A portion of the October 8 Correspondence reads:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of the debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

---

[1] The Court construes all well-pled facts alleged in the Complaint as true, and in the light most favorable to Plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). When deciding a motion to dismiss, the Court "generally consider[s] only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). The Court, accordingly, considers the October 8 Correspondence, which Plaintiff attached to the Complaint. (Compl., Ex. A. ECF No. 1-1.)

(*Id.*, Ex. A, ECF No. 1-1.)[2]

On November 7, 2018, Plaintiff initiated this action alleging that Defendant violated the FDCPA. (*See generally* Compl.) Specifically, Plaintiff alleges that Defendant made a "false, deceptive, or misleading representation in connection with the collection of [the] debt[,]" in violation of 15 U.S.C. § 1692e ("Section 1692e") because the October 8 Correspondence is "open to more than one reasonable interpretation, at least one of which is [false.]" (*Id.* ¶¶ 28, 29 (alterations in original).) Plaintiff also alleges Defendant violated 15 U.S.C. § 1692g ("Section 1692g") by "falsely misstating the consumer's rights by omitting the requirement that he must request validation and make any dispute of the debt in writing." (*Id.* ¶ 34.)

On December 18, 2018, Defendant moved to dismiss both counts of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Def.'s Mot. to Dismiss, ECF No. 5.) On February 15, 2019, Plaintiff opposed Defendant's Motion (Pl.'s Opp'n Br., ECF No. 10), and on February 21, 2019, Defendant replied (Def.'s Reply Br., ECF No. 11). On May 17, 2019, Defendant submitted supplemental authority consisting of a decision by the Honorable Madeline Cox Arleo, U.S.D.J., in *Poplin v. Chase Receivables*, No. 18-404 (D.N.J. May 16, 2019). (Def.'s Notice of Additional Auth., ECF No. 12.)

## II. LEGAL STANDARD

A district court must conduct a three-part analysis when considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "review[] the complaint to strike conclusory allegations." *Id.* The court must accept as true all of the plaintiff's well-pled factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler*, 578 F.3d at 210. In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state, "the defendant unlawfully harmed me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). The "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

## III. THE PARTIES' POSITIONS

Defendant advances two arguments in support of its Motion to Dismiss. First, Defendant argues that the October 8 Correspondence complies with Section 1692g because "by its plain language, [it] certainly conveys that any disputes must be in writing." (Def.'s Moving Br. 10, ECF No. 5-1.) Defendant asserts that Plaintiff's complaint is based on an "idiosyncratic" reading of the G Notice, and the FDCPA "was designed to guard against[]" such a reading. (*Id.*) Defendant argues that the language in the G Notice is the same language considered in *Borozan v. Financial Recovery Services, Inc.*, No. 17-11542, 2018 WL 3082517 (D.N.J. June 22, 2018), and "substantially similar" to the language at issue in *Hernandez v. Mercantile Adjustment Bureau*

---

[2] The Court refers to this section of the October 8 Correspondence as the "G Notice".

*LLC*, No. 14-843, 2013 WL 6178594 (D.N.J Nov. 22, 2013), and *Riccio v. Sentry Credit, Inc.*, No. 17-1773, 2018 WL 638748 (D.N.J. Jan 31, 2018). (*Id.* at 5-7.) Defendant argues that based on this persuasive authority, the Court should find that the language in the October 8 Correspondence complies with Section 1692g. (*Id.* at 8-10.)

Defendant's second argument is that because Plaintiff's Section 1692g claim fails and his Section 1692e claim is based on the alleged Section 1692g violation, Plaintiff's Section 1692e claim also fails. (*Id.* at 10-11.) Defendant cites to *Caprio v. Healthcare Revenue Recovery Group, LLC*, 709 F.3d 142 (3d Cir. 2013), in support of this proposition. (*Id.*)

Plaintiff opposes dismissal, advancing two principal arguments. (*See generally* Pl.'s Opp'n Br.) First, Plaintiff argues that Defendant violated 15 U.S.C. § 1692g(a)(3) as interpreted by the Third Circuit in *Graziano v. Harrison*, 950 F.2d 107 (3d Cir. 1991). (*Id.* at 5-6.) Specifically, Plaintiff argues that given the Third Circuit's holding that a consumer must dispute a debt in writing for the consumer to trigger the debt collector's obligations under the FDCPA, a validation notice must clearly convey the writing requirement to the consumer. (*Id.* at 6.) Plaintiff cites to *Henry v. Radius Global Solutions*, 357 F. Supp. 3d 446 (E.D. Pa. 2019), and *Durnell v. Stoneleigh Recovery Associates*, No. 18-2335, 2019 WL 121197 (E.D. Pa. Jan. 7, 2019), to show that courts within the Third Circuit have denied motions to dismiss in similar actions with similar facts and arguments. (*Id.* at 6-7.)

Plaintiff also argues that Defendant's failure to include an in-writing requirement in the first sentence of the G Notice is a "per se violation of" Section 1692g(a)(3) per *Graziano* and its progeny. (*Id.*) Plaintiff avers that this violation, combined with the use of the "conditional word 'if' in the second and third sentences of" the G Notice confused Plaintiff. (*Id.*) Plaintiff also argues that Defendant's "failure to properly advise [Plaintiff] of the Third Circuit's writing requirement under Section 1692(a)(3) was confusing and misleading[,]" and thus actionable under [Section] 1692(e). (*Id.* at 10.)

Plaintiff's second principal argument is that Defendant relies upon distinguishable and inapplicable case law. (*Id.* at 11-13.) Plaintiff argues that the *Borozan* court incorrectly held that "*Graziano* does not mandate the specific inclusion of the words 'in writing' in its [Section] 1692g(a)(3) sentence of the 'G-Notice,' [and *Borozan*] . . . did not hold that an omission of the 'in writing' requirement under [Section 1692g(a)(3)] can never constitute a violation of the FDCPA." (*Id.* at 12.) Plaintiff views *Hernandez* as "inapplicable" because the plaintiff in that case alleged a Section 1692g(a)(4) violation, not a Section 1692g(a)(3) violation. (*Id.*) Plaintiff asserts that *Hernandez* "stands for the sole, and controversial, position that a debt collector's G-Notice must be read in its entirety, from which can be gleaned the consumer's 'in writing' requirement under *Graziano*." (*Id.* at 12-13.)

## IV. DISCUSSION

A plaintiff bringing a FDCPA claim must establish: "(1) he or she is a 'consumer' who is harmed by violations of the FDCPA; (2) the 'debt' arises out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant collecting the debt is a 'debt collector'; and (4) the defendant has violated, by act or omission, a provision of the FDCPA." *Borozan*, 2018 WL 3085217, at *3. Section 1692g requires a debt collector to send a consumer a

3

written notice containing certain prescribed pieces of information within five days of an initial communication with the consumer, unless the information is contained within the initial communication.[3] 15 U.S.C. § 1692g. The debt collector must include:

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(1)-(5).

"[T]o comply with the requirements of Section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter—the required notice must also be conveyed effectively to the debtor." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000) *as amended* (Sept. 7, 2000). A debt collector violates the FDCPA when a validation notice is "overshadowed" or "contradicted by other portions of the communication." *Id.*

When correspondence sent by a debt collector is at issue, it must be reviewed in light of the "least sophisticated debtor." *Campuzano-Burgos v. Midland Credit Mgmt.*, 550 F.3d 294, 298 (3d Cir. 2008). "This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor." *Id.* at 298-99. This standard, however, also "safeguards bill collectors from liability for 'bizarre or idiosyncratic interpretations of collection notices' by preserving at least a modicum of reasonableness, as well as 'presuming a basic level of understanding and willingness to read with care [on the part of the recipient].'" *Id.* at 299. "Although established to ease the lot of the naive, the standard does not go so far as to provide solace to the willfully blind or non-observant. Even the least sophisticated debtor is bound to read collection notices in their entirety." *Id.* (internal citations omitted).

Here, at the core of Plaintiff's Complaint is the proposition that the *Graziano* court held that debt collectors must include an "in writing" requirement in their Section 1692g(a)(3)

---

[3] "Debt Collector" and "Consumer" are defined terms within the FDCPA. *See* 15 U.S.C. §§ 1692a(3), (6). Plaintiff alleges that he is a consumer and that Defendant is a debt collector, and Defendant does not dispute these assertions. (Compl. ¶ 3.)

4

statements. This proposition, however, is based on an overbroad reading of *Graziano*, refuted by the Honorable Mark Kearney, U.S.D.J., in *Henry*, a case Plaintiff urges the Court to rely upon. 357 F. Supp. 3d at 453 ("*Graziano* did not hold [that], . . . to comply with Section 1692g(a)(3) a debt collector must include the words 'in writing.' The [*Graziano*] court simply held a debtor must dispute the debt in writing under Section 1692g(a)(3).").

Defendant's position that the G Notice in the October 8 Correspondence does not violate the FDCPA is supported by Third Circuit and District of New Jersey authority. In *Caprio*, the Third Circuit considered a validationcoo notice similar to the G Notice. 709 F.3d at 146. The defendant sent an initial communication that, on the front of the correspondence, informed the plaintiff of the debt and instructed the plaintiff to call or write to the defendant. *Id.* at 145. The reverse side of the correspondence contained the following validation notice:

> Pursuant to Sec[tion] 809 of the [FDCPA], unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request, in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

*Id.* at 146. The Third Circuit held that "both the 'substance' as well as the 'form' of [the correspondence at issue] overshadowed and contradicted the [v]alidation [n]otice." *Id.* at 149. The Third Circuit also stated that "the [v]alidation [v]otice on the reverse side of [the correspondence]—at least when viewed in isolation—satisfied [Section 1692g's] statutory scheme." *Id.* at 151.

Plaintiff's arguments are not novel and have been rejected by several of the Undersigned's colleagues in the District of New Jersey. In *Borozan*, the plaintiff alleged that the defendant violated Section 1692g(a)(3), because the validation notice[4] did not provide "that he [or she] '*must*' dispute the debt in writing." 2018 WL 3085217, at *4. The Honorable Freda Wolfson, U.S.D.J., however, rejected this argument and explained that the "the first sentence of the . . . validation notice informs the consumer [of] the consequences if he or she fails to dispute the debt." *Id.* at *6. Next, "the second sentence provides instructions on how to dispute the debt and the effect of disputing a debt." *Id.* Judge Wolfson concluded that the "letter uses language that closely tracks the statutory language provided in [Section] 1692g(a), without providing confusing, alternative ways to dispute the debt that would contradict the validation notice." *Id.*

When confronted with the same validation notice and similar arguments regarding Section 1692g, Judge Wolfson reiterated this analysis and concluded that the use of the word "if" would confuse the consumer about how to dispute the debt. *Rodriguez v. Northland Grp., LLC*, No.

---

[4] The G Notice and the validation notice in *Borozan* are the exact same. (*Compare* Ex. A, *with* 2018 WL 3085217, at *1.

5

18-7692, 2018 WL 6567705, at *5 (D.N.J. Dec. 13, 2018). The Court agrees with Judge Wolfson's reasoning in *Borozan* and *Rodriguez*.

The Court finds that the G Notice does not violate Section 1692g(a)(3). Plaintiff's argument that the first sentence of the G Notice is misleading fails when the G Notice is read in its entirety.[5] The first sentence of the G Notice, as signaled by the use of the word "unless," informs the consumer what will happen if he or she does not dispute the debt. The second sentence of the G Notice informs the consumer the method of disputing the debt and the period of time in which the dispute must be made—"If you notify this office in writing within 30 days from receiving this notice"—as well as what the debt collector will do if the consumer disputes the debt—"this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." The least sophisticated debtor is bound to read collection notices in their entirety and "would understand that that notification mentioned in the second sentence refers to the notification mentioned in the first sentence." *Hernandez*, 2013 WL 6178594, at *2.

When read in its entirety,[6] the G Notice makes clear that if the consumer wants to dispute the debt, the only method of disputing the debt is in writing. Here, Plaintiff's requests the Court to adopt a disjointed reading of the G Notice in which the first and second sentences of the G Notice are read in isolation. The Court declines to engage in such a strained reading of the G Notice. As Judge Wolfson noted, the language of the G Notice tracks the statutory language in Section 1692g and, "[a]s a matter of fairness, [d]efendant[s] should not be subjected to statutory liability . . . when [they presumably] reasonably relied on the very statute to craft the notice at issue." *Rodriguez*, 2018 WL 6567705, at *5.

Because the Court finds that the G Notice complies with Section 1692g(a)(3), Plaintiff's Section 1692e claim is subject to dismissal. The Third Circuit has noted that "when allegations under 15 U.S.C. § 1692e(10) are based on the same language or theories as allegations under [Section 1692g], the analysis of the Section 1692g claim is usually dispositive." *Caprio*, 709 F.3d at 155. Plaintiff's Section 1692e claim is not necessarily reliant upon his Section 1692g claim. (*See* Compl. ¶ 29 (alleging that the October 8 Correspondence "is open to more than one reasonable interpretation, at least one of which is inaccurate.").) Nevertheless, even if the Court's finding regarding Plaintiff's Section 1692g claim was not dispositive of Plaintiff's Section 1692e claim, for the reasons set forth above, the Court finds that the language used in the October 8 Correspondence is not subject to more than one reasonable interpretation. The October 8 Correspondence, therefore, is not "a false representation or deceptive" in violation of Section

---

[5] Plaintiff urges the Court to adopt the approach taken by the District Court for the Eastern District of Pennsylvania in *Henry* and *Durnell*. These opinions, however, are not binding on this Court. Moreover, to the extent *Cadillo v. Stoneleigh Recovery Associates*, No. 17-7472, 2018 WL 6550486 (D.N.J. Dec. 21, 2017), and other decisions from within the District of New Jersey support Plaintiff's position, those decisions are also not binding on this Court. The Court finds the reasoning in *Borozan* and *Rodriguez* more compelling.

[6] Given the Third Circuit standard that "[e]ven the least sophisticated debtor is bound to read collection notices in their entirety[,]" Plaintiff's assertion to the contrary lacks merit. *Campuzano-Burgos*, 550 F.3d at 298.

1692e(10). Defendant, accordingly, has established its entitlement to dismissal of Plaintiff's Complaint.

## IV. ORDER

Based on the foregoing, and for other good cause shown,

IT IS on this 29th day of July, 2019 **ORDERED** that:

1. Defendant's Motion to Dismiss (ECF No. 5) is **GRANTED**.

2. Plaintiff may file an amended complaint by **August 26, 2019**. If Plaintiff does not file an amended complaint by this deadline, the Complaint (ECF No. 1) will be dismissed with prejudice.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE